### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **STEPHEN DIXSON, # B-13748,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 16-cv-243-SMY** |
| | ) | |
| **CRAIG FOSTER,** | ) | |
| **and BRET W. BROSMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff was incarcerated at Vandalia Correctional Center ("Vandalia") at the time he brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has since been released on parole. Plaintiff claims that Defendants failed to follow the trial court's directions regarding his sentences for two offenses, and as a result, he was held in prison beyond what should have been his release date. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted

if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must

cross "the line between possibility and plausibility."  *Id.* at 557.  Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*,

631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible

that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574,

581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of

the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time,

however, the factual allegations of a pro se complaint are to be liberally construed.  *See Arnett v.*

*Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d

816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claim survives threshold review

under § 1915A.

### The Complaint

Plaintiff asserts that Defendants Foster (Vandalia Warden) and Brosman consciously held

him in custody past what should have been his release date.  Plaintiff was serving time on two

convictions from Cook County for possession of a controlled substance:  Case No. 12-CR-

1981901, for which he received a three-year sentence; and Case No. 14-CR-1776701, which

resulted in a two-year sentence (Doc. 1, pp. 5, 9-10).  The trial court's orders of commitment and

sentence, both issued on November 5, 2015, specified that Plaintiff was to be given credit for time previously served in custody of 547 days against the three-year sentence, and 415 days against the two-year sentence. The sentences were ordered to be served consecutively, not concurrently.

Plaintiff claims that Defendants deliberately "ran [his] time concurrent," contrary to the trial court's orders, and failed to properly credit him for the county-jail time of 547 days and 415 days against the two sentences (Doc. 1, pp. 5-6). As relief, he seeks a correction of his sentence and money damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

It is apparent from the Complaint that Plaintiff has confused the concepts of consecutive sentencing versus concurrent sentencing. His three-year and two-year sentences were ordered to run consecutively – in other words, he was required to serve them one after the other, for a total of five years in custody (less any good-conduct credit and credit for pre-trial detention in the county jail). Concurrent sentences, on the other hand, would mean that he would serve them at the same time, and be eligible for release after serving the required portion of the longest (three-year) sentence.

According to the public records on the website of the Illinois Department of Corrections (IDOC), Plaintiff's pre-trial custody began on January 13, 2013. Website of the Illinois Department of Corrections, Offender Search page, http://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited June 15, 2016). He was transferred to the custody of the IDOC on November 6, 2015, and was released on parole on April 26, 2016. *Id*. He was thus incarcerated for approximately three years and four months. As such, it is clear that Plaintiff did indeed serve his three-year and two-year sentences consecutively, not concurrently.

Nonetheless, giving liberal construction to Plaintiff's Complaint, his claim that he was not given proper credit against those sentences and was kept in prison too long may have some merit.

A wrongfully lengthened sentence implicates a liberty interest.  As such, Plaintiff's Complaint presents a potential due process claim regarding the extension of his sentence.  The duration of Plaintiff's confinement indicates that he served significantly more time than would be expected with a total sentence of five years.  If he earned good conduct credit at the 50% rate, he could have been released on parole after serving two years and six months in prison. However, the record does not contain sufficient information to determine how Plaintiff's prison time was calculated – whether he was in fact denied credit for his pre-trial detention, as he claims, or whether he received the proper amount of good conduct credit.

If Plaintiff were still incarcerated as a result of his convictions, the proper method for challenging a wrongfully extended sentence would be habeas corpus after Plaintiff had exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).  Plaintiff's claim for sentence credit, however, is now moot due to the fact he has been released.  Nonetheless, his claim for money damages may still be considered.

While recovery under § 1983 for unconstitutional conviction or imprisonment requires that the conviction or sentence be "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," *Heck*, 512 U.S. at 489, it appears that Plaintiff's claim is not a challenge to the state court's decision.  It is, instead "an argument that the prison system failed to implement the state courts' decisions and thus defendants have deprived him of liberty without due process of law."  *Bey v. Schwartz,* No. 12-1373, Doc. 00711806143, (7th Cir. May 29, 2012); Southern District of Illinois Case No. 11-951-GPM (Doc. 29-1).  Plaintiff's due process claim shall therefore proceed for further consideration.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

The Clerk of Court shall prepare for Defendants **FOSTER** and **BROSMAN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 16, 2016**

s/ STACI M. YANDLE
United States District Judge