IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN DIXSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-243-SMY-RJD |
| | ) |
| CRAIG FOSTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Stephen Dixson, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Vandalia Correctional Center ("Vandalia"). Specifically, Plaintiff alleges that Defendants failed to implement the state courts' sentencing decision. Following threshold screening, Plaintiff proceeds on a due process claim.

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 27). Plaintiff filed a Response (Doc. 41). For the following reasons, Defendants' motion is **GRANTED**.

### Factual Background

Plaintiff Stephen Dixson was serving time on two convictions from Cook County Illinois Circuit Court for possession of a controlled substance: Case No. 12-CR-1981901, for which he received a three-year sentence; and Case No. 14-CR-1776701, which resulted in a two-year sentence (Plaintiff's Complaint, Doc. 1 at 5, 9-10). The trial court's orders of commitment and sentence, both issued on November 5, 2015, specified that Dixson was to be given credit for time previously served in custody of 547 days against the three-year sentence, and 415 days against

the two-year sentence (*Id*. at 9-10). The sentences were ordered to be served consecutively, not concurrently (*Id*.). Dixson claims that Defendants deliberately "ran [his] time concurrent," contrary to the trial court's orders, and failed to properly credit him for the county-jail time against the two sentences (*Id.* at 5-6).

When Dixson's sentences were entered by the Cook County Circuit Court, the orders provided 415 days and 547 days for time already served. However, the orders did not specify whether these days were to be credited consecutively or concurrently. On November 17, 2015, Defendants applied 547 days credit to Dixson's aggregate sentence. Defendant Brosman reviewed Dixson's sentence calculation and determined that his "Adjusted Projected Out Date" was October 28, 2016.

Dixson disagreed with the calculation and filed a request slip with the counselor. He received a response on December 11, 2015, stating that in order for him to be credited the additional 415 days, IDOC would need official documentation directly from the trial court. On April 25, 2016, Brosman received an amended sentencing order from the Cook County Circuit Court. The amended order clarified that Dixson was to receive credit for 1012 days of time served. That same day, Brosman recalculated Dixson's sentence to show an Adjusted Projected Out Date of July 13, 2015. Dixson was released the following day.

## **Discussion**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is

made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the district Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Defendants assert that they are entitled to summary judgment because the state court's original sentencing order was implemented, and when an amended order was received, it was implemented immediately, resulting in Dixson being released from IDOC custody. They point out that in Illinois, the trial court is responsible for crediting a defendant for "time spent in custody as a result of the offense for which the sentence was imposed." *People v. Williams*, 239 Ill. 2d 503, 508, 942 N.E.2d 1257, 1260–61 (2011), *see* 730 ILCS 5/5–4–1(e).

A procedural due process claim arises where: (1) the plaintiff is deprived of a protected liberty or property interest; and (2) he did not receive the process that was due to justify the deprivation of that interest. *See McKinney v. George*, 726 F.2d 1183, 1189 (7th Cir. 1984). Here, the first element is satisfied, but the second is not.

Inmates have a protected liberty interest in being released on time. *Toney-El v. Franzen*, 777 F.2d 1224, 1226 (7th Cir. 1985). However, it appears from the record that Dixson availed himself of the process in place and was released. Dixson filed a written request slip with a counselor and had a meeting with prison officials to discuss the calculation of his sentence. The Counseling Response dated December 11, 2015, advised Dixson that in order for the 415 days to be credited, IDOC would need official documentation from the trial court. Once the documentation was received, Dixson was released the following day.

Dixson argues that the procedures were ineffective because the situation was not resolved sooner. But the process was triggered as soon as the issue became apparent – Defendants followed the process and did so expeditiously. While this Court does not take the deprivation of Plaintiff's freedom lightly, the problem lies with the ambiguity created by the sentencing order.

Additionally, Dixson cannot pursue a due process claim when other remedies are available. The State of Illinois offers other adequate post-deprivation remedies. *See Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). For example, in order to secure his earlier release, Dixson could have filed a Petition for Writ of Habeas Corpus in state court. He could have also filed a Petition for Writ of Mandamus. Alternatively, he could seek monetary damages from state officials under Illinois tort law by filing a false imprisonment claim against the officials in state court. See, e.g., *Armato v. Grounds*, 766 F.3d 713, 722 (7th Cir. 2014) (quoting *Toney-El*, 777 F.2d at 1225) (state court remedies giving an inmate "the right to seek a writ of mandamus from the state court to correct the error" and "a cause of action in Illinois courts for false imprisonment" were both "adequate and available" remedies, precluding an Illinois prisoner's due process claim).

For the above-stated reasons, Dixson's Fourteenth Amendment due process claim does not survive summary dismissal.

## Conclusion

Defendants' Motion for Summary Judgment (Doc. 27) is **GRANTED**. Plaintiff Stephen Dixson's claims are **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED: February 12, 2018**

                **s/ Staci M. Yandle**
                **STACI M. YANDLE**
                **United States District Judge**